## MANESIS *v.* SULUNIAS.

Where by the terms of a storehouse lease it is provided that the premises cannot be used as a " restaurant," and it appears that the lessee is using the same for serving " wienerwursts, frankfurters, hamburgers, bread, cold drinks, and pies," a judgment granting a temporary injunction against such use of the premises is not erroneous.

No. 1922. JUNE 18, 1920.

Injunction. Before Judge Pendleton. Fulton superior court. February 16, 1920.

M. S. Sulunias filed a petition against Nicholas Manesis, seeking to enjoin the latter from operating a " restaurant," and from cooking and serving food to customers in a storehouse located at No. 39 West Mitchell Street in the City of Atlanta; Sulunias being the lessee of said premises under a contract containing a provision the material part of which is as follows " The leased premises cannot be used for a saloon, for the sale of intoxicating liquors of any kind, pool-room, restaurant, or picture-show," and having sublet the premises for the remainder of his term under a lease containing the same restriction as to the use of the premises. The plaintiff alleged that the defendant was violating the terms of the lease, and had refused, after notice, to abide by the terms thereof. In his answer the defendant denied that he was violating the terms of the lease; but he admitted that he was maintaining (with the consent of Sulunias) in the front portion of the building a marble counter 4 1/2 feet long, upon which small pots containing mustard, onions, and catsup are kept; that under the counter a small gas stove is kept, upon which wieners and hamburgers are broiled; that the wieners, hamburgers, pies, and cold drinks are sold; that no seats of any kind are provided, and it is necessary for persons making purchases to carry them away from the premises, but they do sometimes consume them on the premises. A rule nisi was issued, and on the interlocutory hearing the case was submitted to the judge of the superior court on the petition and answer and other

evidence, the sole issue being whether or not the defendant was operating a "restaurant" contrary to the terms of the lease. An interlocutory injunction was granted, and the defendant excepted.

*Brewster, Howell & Heyman,* and *W. P. Bloodworth,* for plaintiff in error.

*Little, Powell, Smith & Goldstein,* contra.

GILBERT, J.    "A restaurant is generally understood to be a place where refreshments, food, and drink are served. Whether they are served to guests seated at a table or on stools at a counter does not affect the definition; that being a mere detail in the operation of the restaurant." State *v.* Shoaf, 179 N. C. 746 (102 S. E. 705), and authorities cited, where the evidence showed that the premises were used for serving wieners, sandwiches, and the like to guests seating themselves on stools near a counter, there being no tables. In the present case the undisputed evidence shows that no seats were provided, at tables or otherwise. The mere matter of providing guests with seats cannot change the character of the place of business, which must be determined by the character of the business carried on, the essential and characteristic features of a restaurant unquestionably being the serving of food and drink. It is insisted by the defendant that the plaintiff gave him permission to conduct his wiener stand upon the leased premises. The contrary is alleged by the plaintiff, and it was within the discretion of the trial judge to find in favor of either on this point.

              *Judgment affirmed.    All the Justices concur.*